# STATE OF MICHIGAN

# COURT OF APPEALS

---

JOELLE M GIRDIS, also known as, JOELLE M COSS,

      Plaintiff-Appellant,

v

TODD J GIRDIS,

      Defendant-Appellee.

UNPUBLISHED
December 7, 2017

No. 336080
Washtenaw Circuit Court
LC No. 09-001482-DM

---

Before: SWARTZLE, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Plaintiff Joelle Girdis appeals as of right[1] the trial court's November 18, 2016 order awarding defendant Todd Girdis attorney fees in conjunction with plaintiff's alleged involvement in the filing of a false Child Protective Services (CPS) report against defendant on June 21, 2016. Concluding that defendant does not have a viable claim for fees under any of the authorities he relied upon, we vacate the trial court's award and remand for further proceedings.

## I. BACKGROUND

The parties were divorced in 2010 under a judgment that divided parenting time with their now-ten-year-old daughter roughly equally between the parties. Since then, the parties have been involved in extensive litigation regarding the provisions of their divorce judgment and other related issues regarding the care of their minor child.

In May 2016, the parties' parenting-time disputes again reached the point of litigation, this time over defendant's out-of-state trip with the minor child and the parties' inability to reach a summer parenting time schedule. On June 18, 2016, defendant attempted to serve plaintiff with papers pertaining to the litigation during a parenting-time exchange at a McDonald's when the minor child and two of the minor child's friends were present. A verbal altercation ensued

---

[1] See *Girdis v Girdis*, unpublished order of the Court of Appeals, issued December 28, 2016 (Docket No. 336080).

-1-

between defendant and plaintiff inside the McDonald's and in the parking lot. On June 21, 2016, someone—it is unclear from the record who—filed a complaint with CPS.

The trial court held a hearing on June 23, 2016, to address the parenting-time and custody concerns. The trial court began the hearing by admonishing the parties and their attorneys that this dispute could have easily been resolved between the parties without the court's involvement. Defendant attempted to raise an issue regarding the CPS complaint and the trial court refused to hear the matter. The trial court, in fact, refused to address any of the parties' concerns at that time and instead instructed the parties and their attorneys to mediate the dispute and work through their issues. The trial court reserved judgment on several issues until after it had met with the minor child.

The record indicates that the trial court met with the minor child on July 6, 2016. Defendant filed a supplemental statement on August 31, 2016, in which defendant addressed several parenting time concerns. Additionally, defendant, for the first time in writing, raised allegations that plaintiff filed a false CPS allegation concerning defendant on June 21, 2016, in which plaintiff allegedly falsely accused defendant of sexually abusing the minor child. Defendant sought an award under MCR 3.206(C) and MCR 2.114(E) and (F) of $2,500 in attorney fees incurred in defending against the false allegations. Plaintiff filed her own supplemental pleading on September 9, 2016, in which she denied making any false CPS allegations and indicated that she has never believed that defendant has sexually abused the minor child.

Without holding a second hearing, the trial court, on November 18, 2016, issued an order addressing the parenting time concerns and granting defendant's request for attorney fees. The trial court did not indicate the authority under which the request was granted or provide any explanation for its award. Plaintiff now appeals this award as of right.

## II. ANALYSIS

With respect to an award of attorney fees, this Court reviews questions of law de novo and any factual findings for clear error. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). "There is clear error when there is no evidentiary support for the factual findings or where there is supporting evidence but the reviewing court is nevertheless left with a definite and firm conviction that the trial court made a mistake." *Augustine v Allstate Ins Co*, 292 Mich App 408, 424; 807 NW2d 77 (2011) (internal citation and quotation notation omitted). This Court reviews the trial court's ultimate "decision whether to award attorney fees and the determination of the reasonableness of the fees for an abuse of discretion." *Temple Marital Trust*, 278 Mich App at 128 (internal citation and quotation marks omitted). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008).

"The general 'American rule' is that attorney fees are not ordinarily recoverable unless a statute, court rule, or common-law exception provides the contrary." *Id*. "The burden of proving the reasonableness of a request for attorney fees rests with the party requesting it." *Augustine*, 292 Mich App at 423.

First, we note that there is no evidence in the record that defendant actually abused the minor child. Both parties agree that defendant has never abused the child. Although the record does indicate that the minor child experienced some rashes in 2012—some four years before the instant dispute—the parties and the minor child agree that the rashes were caused by the young child's personal hygiene practices rather than any impropriety by defendant. There is no record evidence that anyone was physically or sexually abusing the minor child and CPS has found the allegations against defendant unsubstantiated.

Next, we conclude that defendant's motion for attorney fees was not supported by MCR 3.206 or MCR 2.114 and that the trial court erred in granting the motion.

MCR 3.206(C) applies to domestic relations proceedings and provides that, upon a party's request, the trial court may award attorney fees and costs where (a) the requesting "party is unable to bear the expense of the action, and . . . the other party is able to pay," MCR 3.206(C)(2)(a), or where (b) "the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply," MCR 3.206(C)(2)(b). Defendant did not provide any evidence to the trial court of his own financial hardships or plaintiff's ability to pay defendant's attorney fees. Accordingly, defendant was not entitled to attorney fees under MCR 3.206(C)(2)(a). Regarding MCR 3.206(C)(2)(b), defendant did not allege that plaintiff's alleged filing of a false CPS allegation was in violation of any court order. Accordingly, MCR 3.206(C) does not support an award of attorney fees here.

As for MCR 2.114, the court rule applies generally to all civil proceedings. See MCR 2.001. MCR 2.114(D) provides that the "signature of an attorney or party constitutes a certification" that the signor has read the document, that the signor believes the document is well-grounded in fact and warranted under the law, and that "the document is not interposed for any improper purpose." Under MCR 2.114(E), a trial court may order sanctions, including attorney fees and expenses, for a party or attorney's violation of MCR 2.114(D). Under MCR 2.114(F), "a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2)."

Regarding subsection (D), defendant did not provide the trial court with any evidence of a document plaintiff signed with an improper purpose or without reasonable factual basis. The copy of the CPS report defendant provided to this Court does not contain the signature of plaintiff or her attorney. As provided to this Court, the report contains no signature whatsoever. Moreover, plaintiff did not attach the report to any of her briefs submitted to the trial court. Plaintiff did not even reference the report before defendant filed his supplemental brief requesting attorney fees. Accordingly, MCR 2.114(D) and (E) are inapplicable to defendant's request for attorney fees. As for MCR 2.114(F), defendant has not pointed this Court to any claim or defense of plaintiff subject to sanctions under MCR 2.625(A)(2).

Further, even if it could be inferred that plaintiff or her attorney signed some sort of document filed with CPS, MCR 2.114 is inapplicable to documents submitted outside of court proceedings. MCR 2.114 "applies to all pleadings, motions, affidavits, and other papers provided for by these rules" under MCR 2.113(A). MCR 2.114(A). MCR 2.113(A) directs the court to the general-applicability provision of subchapter two of the Michigan Court Rules, which provides that the rules apply to "civil proceedings in all *courts* established by the

constitution and laws of the state of Michigan." MCR 2.001 (emphasis added). CPS is not a court established by the Constitution or laws of the State of Michigan. Accordingly, any false documents filed with CPS, rather than the court, are not actionable under MCR 2.114.

Because none of the court rules defendant cites are applicable to the conduct alleged in this case, defendant failed to meet his burden to prove by a preponderance of the evidence that he is entitled to attorney fees. *Augustine*, 292 Mich App at 423. Defendant may have an actionable claim for attorney fees under a different court rule or statute, but defendant has not proven such a claim and it is not the providence of this Court to make defendant's claim for him. *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998).

Therefore, we reverse the trial court's award of attorney fees to defendant under MCR 3.206 or MCR 2.114. Accordingly, we need not address plaintiff's argument that she was not provided due process in conjunction with the award of attorney fees or whether the trial court abused its discretion in the amount of the award. Similarly, we need not address plaintiff's argument that the evidence did not support the trial court's conclusion that plaintiff caused the false CPS allegations to be made. On this topic, we only note that the CPS allegations of "improper supervision" were made against both parties, and it seems unlikely that plaintiff would file, or cause to be filed, such an allegation against herself.

We vacate the trial court's award of attorney fees and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.


/s/ Brock A. Swartzle
/s/ David H. Sawyer
/s/ Jane E. Markey

-4-